No. 82-443

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

IN RE THE MARRIAGE OF

A.R.C.,

    Petitioner and Respondent,

        vs.

C.K.C.,

    Respondent and Appellant.

---

Appeal from:  District Court of the Nineteenth Judicial
District, In and for the County of Lincoln,
The Honorable Robert M. Holter, Judge
presiding.

Counsel of Record:

    For Appellant:

        Sverdrup & Spencer; Scott B. Spencer, Libby,
Montana

    For Respondent:

        Douglas and Bostock; Thomas Bostock, Libby,
Montana

---

Submitted on Briefs:  January 7, 1983

Decided:  April 7, 1983

Filed: APR 7 - 1983

_Ethel M. Harrison_
           Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

C.K.C. (the mother) appeals from an order of the Lincoln County District Court modifying the initial custody provision of a divorce decree. The couple had three children. The initial custody provision gave the father custody of one of the children and gave the mother custody of the other two. The modification order gave custody of all three children to the father. The mother contends that the trial court's findings of fact were not supported by substantial credible evidence and that the findings did not meet the requirements of section 40-4-219(1), MCA, relating to the modification of a custody decree. We affirm.

The couple were married and divorced twice. At the time of the second divorce in 1981, they had three children, J.L., a nine year old girl; J.R., an eight year old boy; and M.S., a year old girl. The trial court awarded custody of the oldest girl, J.L., to the father and gave custody of the younger two children to the mother.

The modification depends on a finding by the trial court that a change has occurred since the divorce in the circumstances of the children or of their custodian and that modification is necessary to serve the best interest of the child. Section 40-4-219(1), MCA. The trial court held a hearing on the issue of the father's petition for custody modification and then made the following findings relating to the change in circumstances:

Since the divorce the mother had not been steadily employed and had been living on welfare benefits. The mother and the two children had been living with the maternal

grandfather and his wife. The mother had frequently been away from home for periods of two or more days. During these absences, the children were left in the care of the maternal grandfather and his wife, who had a difficult time caring for them. The mother's frequent absences had affected the eight year old boy, who had continual disciplinary problems, he had refused to bathe and attend to his personal hygiene, and had been failing in school. During one of the mother's absences, the grandfather asked the children's father to take control of the boy. The boy's father did so. While the boy stayed with his father in Troy, Montana, his school work improved and his disciplinary problems began to disappear. The boy also expressed a strong desire to remain with his father. The mother then returned for the boy, asserting her custody right. She moved the young boy from Troy to Libby and kept him out of school during the last week of that school year. The mother was a "filthy housekeeper and did not attend to the needs of the children." The mother seldom bathed the baby girl and did not keep her diapers clean. The baby girl has suffered from severe diaper rash which required a doctor's care. Since the divorce the mother had failed to support and care for the two children.

Based on these findings, the trial court concluded that it did have jurisdiction over the case; it would be in the children's best interest to live with their father; the children's present environment with their mother seriously endangered their mental, moral, emotional and physical health; any harm which might result by a change of custody would be outweighed by the advantages; and that it is desirable that all three children live together.

3

The mother first claims that the trial court's findings of fact are not supported by substantial credible evidence, or that there is evidence in the record which directly conflicts with the court's findings.

The mother takes specific exception to five of the trial court's findings of fact. In finding of fact no. 8, the trial court found that since the divorce the mother has not been steadily employed, has been on welfare, and has failed to support and care for the two minor children. She contends this finding is improper because there is evidence in the record which contradicts this finding. We note that although there is evidence that the mother was employed, it was not steady employment. The mother herself testified that she had cared for the children, yet there was also testimony that she frequently left them in the care of others for days at a time. There is evidence that the mother's primary source of income is welfare benefits. Sufficient evidence supports this finding. The mere existence of contradictory evidence does not require us to overturn a finding.

In finding of fact no. 10, the trial court found that the mother has absented herself from her county of residence on numerous occasions, for periods from two days to over a month. During the mother's absence the children were left in the care of the maternal grandfather and his wife. The mother admits that she has frequently been absent, but contends that there was no testimony that she was away for a month in any one consecutive period. We note that there was testimony that the mother once was away for several weeks. Keeping in mind that the paramount consideration in this proceeding is the best interest of the children, we do not find it necessary to measure the mother's absences with

4

mathematical precision. Whether she was away for over a month or away for several weeks is less important than the fact that she was away. We will not overturn this finding.

In finding of fact no. 11, the trial court found that the maternal grandfather and his wife had a difficult time caring for the children during the mother's absences. The trial court also found that the mother's long absences and lack of concern for the children have caused noticeable problems. While in the mother's custody the eight year old boy had been a disciplinary problem, had refused to bathe and attend to his personal hygiene, and was failing in school. The mother contends that no evidence was presented to show that her absences caused the boy's disciplinary problems, nor that she showed a lack of concern for her children. While no testimony specifically tied the boy's disciplinary problems or his school problems to his mother's absences or her lack of concern for his welfare, the record holds ample evidence that he had those problems. The record also indicates that those problems improved or disappeared when the boy lived with his father. Reviewing the evidence in the light most favorable to the respondent (father), there is sufficient evidence in the record to support the trial court's finding.

The trial court's finding no. 15 was that during the time the parties were married, the mother was a "filthy housekeeper and did not attend to the needs of the children" and that by all indications her capabilities had not improved since the divorce. The mother contends that this finding concerns pre-divorce matters and is not relevant to this proceeding. We agree that pre-divorce matters are not relevant to this inquiry. Nonetheless, insofar as the mother's housekeeping and attention to her childrens' needs

5

have not improved, it is relevant to this inquiry because it concerns the care the children receive while they are with their mother.

Finally, in finding of fact no. 16, the trial court found that while in the mother's custody, the baby girl had suffered from severe diaper rash, to the extent that she had to be taken to a local doctor for treatment, and that the ostensible cause for the severe diaper rash was the mother's failure to bathe the baby and change her diapers. The mother contends that there is no evidence in the record to support this finding. The father testified that the baby suffered from a severe diaper rash. A day care attendant testified that when the mother left the baby at the day care center in the mornings, the baby often did not appear to be well taken care of and that she had an unpleasant smell. The day care attendant also testified that the baby was usually given a bath in the morning at the day care center. Therefore, sufficient evidence supports this finding.

It is the trial court's duty to weigh the evidence and make findings. The trial court did so in this case and we see no indication of any abuse of discretion which would require those findings to be overturned.

The second issue raised by the mother is whether the trial court met the specific requirements of section 40-4-219(1), MCA, before modifying the custody arrangement. The trial court must find that a change has occurred in the circumstances of the child or his custodian and that modification is necessary to serve the best interest of the child. In addition, the statute directs the trial court to retain the previously appointed custodian unless (a) the custodian agrees to the modification, (b) the child has been

6

integrated into the petitioner's family with consent of the custodian, or (c) the child's present environment seriously endangers his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages. In this case the trial court made findings regarding the circumstances arising when the two children were placed in the mother's custody. Based on those findings the trial court concluded that the children's environment with their mother ". . . seriously endangers their mental, moral, emotional and physical health, and any harm which might result by a change of custody would be outweighed by the advantages which would inure to the benefit of such children by such a change."

The trial court did not make a specific finding in the language of the statute "that a change has occurred in the circumstances of the child or his custodian.. . ." It is always good practice to do so. The welfare of the children is the paramount consideration in awarding custody. We will look behind the form to the substance of the trial court's findings. The trial court made ample findings relating to the circumstances of the mother and children since the divorce. Those findings indicate that the circumstances have changed to the detriment of the children.

The District Court's modification order changing custody to the father is affirmed.

_____
Justice

7

We Concur:

_____
　　　　Chief Justice

_____

_____

_____
　　　　Justices

8