FILED

12/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0692

DA 16-0692

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 319N

IN RE THE MARRIAGE OF:

LAUREL A. MILLS,

Petitioner and Appellant,

and

ERIC D. MILLS,

Respondent and Appellee.

APPEAL FROM:     District Court of the Ninth Judicial District,
In and For the County of Teton, Cause No. DR-14-002
Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Robert F. James, Jordan Y. Crosby, Ugrin, Alexander, Zadick & Higgins,
P.C., Great Falls, Montana

For Appellee:

Neal P. DuBois, Sutton, DuBois & Mills, PLLC, Great Falls, Montana

Submitted on Briefs:   November 8, 2017

Decided:   December 28, 2017

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Following a hearing on the matter, the Ninth Judicial District Court, Teton County, entered Findings of Fact, Conclusions of Law, and a Final Amended Parenting Plan. Appellant Laurel Mills appealed. We address whether the District Court erred or abused its discretion by entering the Amended Parenting Plan. We affirm in part and reverse in part.

¶3      Laurel Mills ("Laurel") and Eric Mills ("Eric") were married and had one child, O.J.M., born in July 2010. O.J.M. has a number of medical issues that require regular multi-faceted therapies, as well as other treatments. Laurel and Eric dissolved their marriage and, on February 11, 2014, both parties signed a Stipulated Final Parenting Plan ("Stipulated Plan"), which the District Court approved. In March 2015, O.J.M. traveled to Minnesota to undergo a bone marrow transplant (BMT). While in Minnesota, O.J.M. was diagnosed with a rare genetic disease. Laurel remained in Minnesota to act as O.J.M.'s primary caregiver, while Eric continued to work and traveled between Montana and Minnesota.

2

¶4     On January 13, 2016, Laurel moved for an amended parenting plan due to a substantial change in circumstances[1] and, shortly thereafter, petitioned for a Temporary Order of Protection against Eric.   On March 22, 2016, following a hearing, the District Court issued an Order which contained, in pertinent part, the following provisions:  O.J.M. would reside primarily with Laurel; Eric would have supervised visitation at Laurel's house and could e-mail or text O.J.M. daily; Eric's fiancé, Irina, and her son could accompany Eric to supervised visitation; Eric would clean his home using BMT protocol; Eric would immediately begin weekly testing for marijuana, opiates, alcohol, and other substances; Laurel could access Eric's test results; Eric would undergo a psychological evaluation at his own expense; the parties would attend mediation by June 29, 2016, and if they could not agree to a parenting plan, both parties would appear for an evidentiary hearing on July 20, 2016.

¶5     On July 20, 2016, following an unsuccessful mediation, the District Court held a hearing.  On August 15, 2016, the District Court entered Findings of Fact and Conclusions of Law, and adopted the Amended Plan.  Laurel appeals.

¶6     We review a district court's findings of fact in parenting plans and child support orders to determine whether they are clearly erroneous.  *Healy v. Healy*, 2016 MT 154, ¶ 18, 384 Mont. 31, 376 P.3d 99; *In re Marriage of Oehlke*, 2002 MT 79, ¶ 9, 309 Mont. 254, 46 P.3d 49.  A finding of fact is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review

---

[1] Laurel pointed to O.J.M.'s medical diagnosis and treatment for a rare, disabling disease with no known cure, and Eric's relapse/addiction issues, among other things.

3

of the record convinces us that the district court made a mistake. *Healy*, ¶ 18. If the findings of fact in a decision to amend the parenting plan are not clearly erroneous, we will only overturn the district court if there is a clear abuse of discretion. *In re Marriage of D'Alton*, 2009 MT 184, ¶ 7, 351 Mont. 51, 209 P.3d 251; *Oehlke*, ¶ 9. A district court abuses its discretion when it acts "arbitrarily without employment of conscientious judgment or exceed[s] the bounds of reason resulting in substantial injustice." *Guffin v. Plaisted-Harman*, 2010 MT 100, ¶ 20, 356 Mont. 218, 232 P.3d 888 (internal citations omitted). Finally, we review a district court's conclusions of law to determine if they are correct. *Healy*, ¶ 18.

¶7 Laurel argues that the District Court abused its discretion when it imposed conditions in the Amended Parenting Plan that varied from the Stipulated Plan and were not supported by the record. Laurel argues that the District Court should have given preference to the Stipulated Plan and not adopted Eric's Proposed Plan nearly verbatim. Specifically, Laurel argues that the District Court abused its discretion when it (1) failed to include provisions allowing verification of Eric's mental health and substance abuse treatment; (2) failed to create consequences if Eric relapses and jeopardizes O.J.M.'s health and safety; (3) failed to address Eric's gambling; and (4) removed the restriction regarding Eric's prescription drug intake to allow either party to take any and all medication prescribed by a treating physician. Further, with respect to Laurel's obligations and allowances, the District Court (1) changed the holidays and special day allowances; (2) removed Eric's obligation to pay O.J.M.'s health insurance and medical expenses; (3) changed Eric's child support obligation from the date O.J.M. reaches eighteen years of age

or graduates from high school, whichever occurs later, to a calculation to be done by the Child Support Enforcement Division; (4) changed the agreement that both parties will make reasonable efforts to share extracurricular costs to a requirement that both parties will split those costs; (5) added a redundant section, Paragraph 19, covering the rights of each parent generally, rights already covered by other sections of the Plan; (6) added Paragraph 19(f), designating management of O.J.M.'s estate to the extent the estate has been created by the parent or the parent's family; (7) changed Paragraph 20(h) in the Mutual Respect and Courtesy provision to prohibit Laurel from drinking any alcohol while O.J.M. is in her care, and to prevent both parents from being around any adults who are drinking alcohol or using drugs; and (8) removed the requirement that Eric purchase $500,000 in life insurance naming O.J.M. as beneficiary.

¶8 To modify an existing parenting plan, a district court must determine, based on facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that the circumstances of the child or custodian have substantially changed since the entry of the original decree, and that the best interests of the child require modification. Section 40-4-219, MCA; *D'Alton*, ¶ 11. The district court must then consult the criteria set out in § 40-4-212, MCA, and modify the plan according to the best interests of the child. *See In re Marriage of Lawrence*, 2005 MT 125, ¶ 13, 327 Mont. 209, 112 P.3d 1036; *see also In re Marriage of Syverson*, 281 Mont. 1, 20, 931 P.2d 691, 702 (1997).

¶9 A district court has "broad discretion when considering the parenting of a child. . . [and w]e must presume that the court carefully considered the evidence and made the correct decision." *In re Marriage of Tummarello*, 2012 MT 18, ¶ 34, 363 Mont. 387,

5

270 P.3d 28 (internal citations omitted); *see also Reinoehl v. Perry*, 213 Mont. 479, 487, 691 P.2d 1384, 1388–89 (1984) (holding that a district court's findings of fact will generally not be disturbed on appeal when findings are based on "substantial though conflicting evidence"). However, even after a determination of substantially changed circumstances, this Court may reverse an amended parenting plan where the record does not support the relief granted or does not show the changes are in the child's best interest. *See In re Marriage of Hedges*, 2002 MT 204, ¶¶ 18–19, 311 Mont. 230, 53 P.3d 1273; *see also In re Marriage of Toavs*, 2002 MT 230, ¶¶ 26–27, 311 Mont. 433, 56 P.3d 356 (internal citations omitted).

¶10 Laurel initially petitioned the District Court to amend the Stipulated Plan, and neither party contested the District Court's determination that the threshold of changed circumstances was met and the Stipulated Plan could be amended. *See* § 40-4-219, MCA; *D'Alton*, ¶ 11. Considering the modification based on statutory criteria, § 40-4-212, MCA, we conclude the District Court did not abuse it discretion when it changed certain conditions in the Amended Plan. *See Tummarello*, ¶ 34.

¶11 The Amended Plan is supported by the record in some, though not all, respects. We affirm the District Court's Order in everything except the following conditions affecting Laurel's rights and obligations: (1) the changes in holidays and special day allowances; (2) the burden of payment of O.J.M.'s health insurance and medical expenses; (3) the change from the agreement that Eric pay child support until O.J.M. reaches eighteen years of age or graduates from high school, whichever occurs later, to a calculation to be done by the Child Support Enforcement Division; (4) the change in the agreement from both parties

making reasonable efforts to share extracurricular costs to splitting costs; (5) the addition of Paragraph 19, generally, and Paragraph 19(f), specifically, describing potential management of O.J.M.'s estate to the extent the estate has been created by the parent or the parent's family; (6) the change to the Mutual Respect and Courtesy provision in Paragraph 20(h) prohibiting Laurel from drinking any alcohol while O.J.M. is in her care, and preventing her from taking O.J.M. to gatherings where adults may be drinking alcohol; and (7) the deletion of the requirement that Eric purchase $500,000 in life insurance naming O.J.M. as beneficiary. The record does not support these changed conditions. *See Hedges*, ¶¶ 18–19; *Toavs*, ¶¶ 26–27. Therefore, we reverse the District Court's Order as it pertains to these amendments. The remainder of the District Court's Order is affirmed.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's Conclusions of Law were correct, its Findings of Fact are not clearly erroneous, and its ruling was not an abuse of discretion, except as described above. We affirm in part and reverse in part.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

7